UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STACY M. SWIMP,

        Plaintiff,

                                           File No. 1:06-CV-592

v.

                                         HON. ROBERT HOLMES BELL

JOHN RUBITSCHUN, et al.,

        Defendants.

_____/

## O P I N I O N

On August 28, 2006, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation recommending that Plaintiff Stacy M. Swimp's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) for failure to state a claim on which relief can be granted. The report and recommendation was duly served on the parties. Plaintiff filed objections to the report and recommendation on September 11, 2006.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court has made a *de novo* review upon the record of those portions of the R&R to which specific written objection has been made.

The R&R recommended that Plaintiff's complaint be dismissed because seven defendants are entitled to absolute immunity, Plaintiff's § 1983 claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff failed to state a claim for violation of his

Fourteenth Amendment right to procedural due process, and Plaintiff failed to state a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Plaintiff's first and second objections address minor disputes with the Magistrate Judge's characterization of the facts alleged in Plaintiff's complaint. Neither of these disputes affect the Magistrate Judge's analysis or recommendation. Nevertheless, the Court will amend the R&R to reflect Plaintiff's assertion that relied on Nannberg's Therapy Nonadmission Report only to show that he received a psychological assessment which determined that an Assaultive Offender Program ("AOP") was not necessary for him and that he relied on other documents to establish that he was not recommended for an AOP. Compl. ¶¶ 16 & 18. The Court will also amend the R&R to reflect that Nannberg stated in her October 1, 2003 Report that she agreed that Plaintiff had "essentially achieved the institutional goals of the AOP program" and that she did "not feel it was necessary or advantageous for him to do this program." Compl. Ex. D.

Plaintiff's third objection is to the Magistrate Judge's determination that members of the parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole. Plaintiff contends that the doctrine of judicial immunity applies only to judges and that it does not apply to members of the parole board. Contrary to Plaintiff's suggestion, *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)*, does not stand for the proposition that one must be a judge in the court system in order to receive absolute immunity. Plaintiff has completely ignored the cases

cited in the R&R that support the proposition that parole board members are entitled to absolute immunity when they perform judicial functions such as denying parole. *See*, *e.g.*, *Hawkins v. Morse*, 1999 WL 1023780, *1 (6th Cir. 1999) ("State parole board members are absolutely immune from suit for monetary damages for actions taken with respect to their decision to grant or deny parole.").   Although the Sixth Circuit has not directly addressed this issue in a published opinion, the R&R cites not only to unpublished Sixth Circuit opinions, but to published opinions from other circuits as well.  This Court agrees with the Magistrate Judge that under the law of this circuit parole board members are entitled to absolute immunity when they perform judicial functions such as granting or denying parole.

Plaintiff has alleged that seven of the eight defendants in his suit were members of the parole board during the events described in his complaint.  Compl. ¶¶ 6-12.  All of the allegations against these Defendants concern their conduct in denying Plaintiff's parole application.  Accordingly, all of the Defendants except Defendant Patricia Caruso, who was not a member of the parole board, are entitled to dismissal on the basis of their absolute immunity.

That leaves only Defendant Caruso, who was Director of the Department of Corrections during the events described in the complaint.  Compl. ¶ 13.  Plaintiff has not alleged any facts concerning her conduct during the relevant time period.  She cannot be held vicariously liable under § 1983 for the actions of the parole board members.  There is no respondeat superior liability under § 1983. *Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th

Cir. 2006) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).   Because Plaintiff has failed to state a claim against Defendant Caruso, his complaint against her is also subject to dismissal.

The Court could end its analysis at this point because there is an adequate basis for dismissal of Plaintiff's complaint.   Nevertheless, in an effort to be thorough and responsive, the Court will consider Plaintiff's remaining objections as well.

Plaintiff's fourth objection is to the Magistrate Judge's determination that Plaintiff's action is barred because a state prisoner cannot make a claim for damages under § 1983 for harm caused by actions whose unlawfulness would render a sentence invalid unless the sentence has already been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (interpreting cases as indicating that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff contends that his claim is not barred because he is not seeking a change in the result of Defendants' parole decision, but is merely seeking redress concerning the manner in which they arrived at their decision, i.e., their reliance on false or inaccurate information concerning his mental health and criminal history.   According to Plaintiff,

success on this § 1983 claim would not necessarily spell immediate or speedier release for him, and therefore, pursuant to *Wilkinson*, *supra*, there is no habeas bar.

In *Wilkinson* the Court noted that a decision invalidating the state parole procedures would mean, at most, new parole hearings at which parole authorities, in their discretion, might or might not decline to shorten the plaintiffs' prison terms. 544 U.S. at 82. The Court held that because the plaintiffs' § 1983 action asserting that state parole procedures were invalid would not necessarily spell speedier release, their claims did not lie at "the core of habeas corpus" and were not barred. *Id.*

Although *Wilkinson* appears, on first blush, to control Plaintiff's complaint, its similarity to this case breaks down when consideration is given to the relief requested. The *Wilkinson* plaintiffs sought declaratory and injunctive relief. Unlike the *Wilkinson* plaintiffs, Plaintiff in this case seeks money damages for a flawed process. Plaintiff would not, however, suffer damages based upon the Defendants' reliance on false information unless that false information resulted in the denial of parole. The only meaningful money damages would be damages for a wrongful continued confinement. In other words, Plaintiff's success on a claim for money damages would imply an erroneous parole decision. Accordingly, the Court agrees with the Magistrate Judge that success on Plaintiff's claims for monetary damages would necessarily imply the invalidity of his continued confinement, and are accordingly subject to the habeas bar outlined in *Heck v. Humphrey*, *supra*.

Even if Plaintiff's action is not barred by *Heck v. Humphrey*, Defendants are nevertheless entitled to dismissal because of additional impediments to Plaintiff's claims that are identified in the R&R.  The Magistrate Judge determined that Plaintiff failed to state a constitutional due process claim because a state prisoner does not have a liberty interest in being released on parole.

Plaintiff does not dispute the well-settled principle that a prisoner has no liberty interest in parole.  Nevertheless, in his fourth and fifth objections, Plaintiff objects to the conclusion that he has failed to state a claim because he contends that he is not asserting a right to parole, but rather a right to a parole hearing that does not rely on false or inaccurate information.

This argument was addressed in the R&R.  The Magistrate Judge explained that because Plaintiff has no liberty interest in being paroled, Plaintiff cannot show that the false information was relied upon to a constitutionally-significant degree.  R&R at 9.  The Magistrate Judge's position is well taken.  By way of further explanation, to establish a procedural due process claim pursuant to § 1983, claimants must establish three elements:

> (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest.

*Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citing *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990)).  In examining a procedural due process claim, the court must first

determine "whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment." *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002). "Only after identifying such a right do we continue to consider whether the deprivation of that interest contravened notions of due process." *Id. See also Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) (noting that to invoke procedural protections of Fourteenth Amendment, one must first establish that an interest in life, liberty or property is at stake). Because parole is not a liberty interest, Plaintiff cannot establish the first prong of his due process claim.

Furthermore, the Court questions whether Plaintiff's claim really is one for procedural due process. Plaintiff is not claiming that he was denied a hearing or a right to present evidence. He is claiming that the hearing produced a wrong result despite his efforts to correct the improper reliance on faulty evidence. The "Due Process Clause has never been construed to require that the procedures used to guard against an erroneous deprivation of a protectible 'property' or 'liberty' interest be so comprehensive as to preclude any possibility of error." *Caswell v. City of Detroit Housing Com'n*, 418 F.3d 615, 621 (6th Cir. 2005) (quoting *Higgs v. Bland*, 888 F.2d 443, 449 (6th Cir. 1989)).

Plaintiff's sixth and seventh objections concern the Magistrate Judge's analysis with respect to Plaintiff's assertion that Defendants violated a state administrative rule. The Magistrate Judge noted that such a violation does not state a claim under § 1983. In response, Plaintiff asserts that he did not file his § 1983 claim on the basis of a state law violation. Plaintiff's clarification is noted. Plaintiff also objects to the Magistrate Judge's

7

comment that the administrative rule cited by Plaintiff does not prohibit the parole board from requesting a psychological evaluation. Plaintiff's objection is not responsive to this narrow statement in the R&R. Plaintiff uses the objection to discuss the merits of his due process claim. Because the due process claim is being dismissed, the Court need not address the merits of the claim.

Plaintiff's final objection is to the Magistrate Judge's conclusion that psychological pain and suffering brought on by the denial of parole does not fall under the umbrella of the Eighth Amendment's prohibition against the unnecessary and wanton infliction of pain. The Court agrees with the Magistrate Judge. Although psychological injuries may be compensable when there is an underlying Eighth Amendment violation, the denial of parole is not the kind of punishment contemplated or prohibited by the Eighth Amendment.

For all the reasons stated herein, the Court will adopt the Magistrate Judge's R&R as amended by this opinion and will dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

An order of dismissal consistent with this opinion will be entered.


Date:   November 20, 2006          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE